**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACQUELINE MACGIRVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2197-KHV |
| LEE JIN SOOK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

On April 30, 2008, Jacqueline MacGirvin filed suit against Lee Jin Sook for alleged negligence which caused an automobile accident. To date, plaintiff has not served defendant with the summons and complaint. This matter is before the Court on plaintiff's response to the Court's second show cause order entered January 27, 2009. See Docs. #9 and #10.

On October 7, 2008, the Court ordered plaintiff to show cause why she had not served defendant within 150 days from filing the complaint, and to further show cause why the Court should not dismiss the action without prejudice.[1] See Order To Show Cause (Doc. #6). Plaintiff responded that she had attempted to serve defendant but learned that she had moved to South Korea. See Plaintiff's Response To Notice And Order To Show Cause (Doc. #7) filed October 23, 2008 at 1. Plaintiff stated no intention of serving defendant abroad and asked the Court to extend indefinitely the time for service in hopes that defendant would return to the United States and plaintiff could serve her then. See id. at 1-2. The Court refused to do so, noting that plaintiff had made no attempt to locate or serve defendant abroad. See Order (Doc. #8) filed November, 3, 2008

---

[1] Under Rule 4(m), Fed. R. Civ. P., plaintiff had 120 days to serve the summons and complaint. On July 2, 2008, the Court granted plaintiff an additional 30 days to serve defendant. See Doc. #4.

at 3. The Court stated that under the circumstances, it was inclined to dismiss plaintiff's complaint without prejudice. See id. The Court nevertheless gave plaintiff an additional 60 days, or until January 3, 2009, to accomplish foreign service on defendant. See id.

Plaintiff did not file a return of service or request an extension of time to do so by January 3, 2009. On January 27, 2009, the Court again ordered plaintiff to show cause why she had not served defendant, and to further show cause why the Court should not dismiss the action without prejudice. See Notice And Order To Show Cause (Doc. #6). In response to the show cause order, plaintiff states that her counsel and private investigator have been trying to find an address for defendant in South Korea, but have been unsuccessful. See Plaintiff's Response To Notice And Order To Show Cause ("Plaintiff's Response To Second Show Cause Order") (Doc. #10) filed February 11, 2009 at 1. Plaintiff states that she has recently been in contact with the former employer of defendant's husband, and that he expects defendant and her husband to return to the United States "in the very near future."[2] Id. Plaintiff requests an additional 90 days to follow leads in obtaining an address for defendant in South Korea or to serve defendant if she returns to the United States. See id.

The Court is troubled that plaintiff allowed the January 3, 2009 deadline to pass and waited until after the Court issued its second show cause order to request an extension of time to serve defendant. To the extent plaintiff seeks an extension of time to "wait and see" whether defendant re-enters the United States, the Court again denies the request. Rule 4(m), Fed. R. Civ. P., governs

---

[2] Curiously, plaintiff does not state whether this individual has an address or other contact information for defendant in South Korea.

the time for service of process within the United States.[3] Under that rule, the Court must dismiss the complaint without prejudice if plaintiff does not serve defendant within 120 days after filing the complaint. If plaintiff shows good cause for the failure, however, the Court must extend the time for service. See id.; Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Here, plaintiff's desire to "wait and see" whether defendant re-enters the United State does not constitute good cause for an extension. See, e.g., Slater v. Cincinnati Ins. Co., 165 F.R.D. 100, 101 (D. Kan. 1996). Although the Court has discretion to grant an extension, see Espinoza, 52 F.3d at 841, it declines to do so in this case.

In its previous order, the Court granted plaintiff an additional 60 days to secure foreign service on defendant.[4] See Order (Doc. #8) at 4. Plaintiff requests an additional 90 days "to follow

---

[3] Rule 4(m), Fed. R. Civ. P., states as follows:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Rule 4(m), Fed. R. Civ. P.

[4] By its terms, the time for service under Rule 4(m) does not apply to serving an individual in a foreign country under Rule 4(f), Fed. R. Civ. P.

Rule 4(f) states as follows:

Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States:
    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(continued...)

further leads in obtaining an address" for defendant in South Korea.  <u>Plaintiff's Response To Second Show Cause Order</u> (Doc. #10) at 1.  Plaintiff, however, provides no information regarding what steps, if any, she has taken to locate defendant in South Korea.[5]  Although the time for service under Rule 4(m) does not apply to serving an individual in a foreign country, the time allowed for foreign service is not unlimited.  <u>See, e.g.</u>, <u>Nylok Corp. v. Fastener World Inc.</u>, 396 F.3d 805, 807 (7th Cir. 2005) (district courts need to control dockets).  On this record, plaintiff has not shown that she has made reasonable efforts to serve defendant abroad, or that service of process on defendant is eminent or feasible.  <u>See, e.g.</u>, <u>Nabulsi v. Nahyan</u>, No. H-06-2683, 2008 WL 1924235, at *5-6 (S.D. Tex. Apr. 29, 2008).  Nevertheless, in light of inherent challenges which plaintiff faces in trying to effect

---

[4](...continued)
>  (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>  > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>  > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>  > (C) unless prohibited by the foreign country's law, by:
>  > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
>  > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>  (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f), Fed. R. Civ. P.

[5]   Plaintiff states as follows:

Since the filing of this case and up and to the present time, Plaintiff, through counsel and private investigator, has been trying to obtain an address for Lee Jin Sook in South Korea. This has been unsuccessful.

<u>Id.</u>

service on a foreign defendant, see id. at *6, the Court will grant plaintiff an additional 60 days, until April 20, 2009, to secure service on defendant.

**IT IS THEREFORE ORDERED** that on or before **April 20, 2009,** plaintiff shall accomplish service on defendant and file a return of service to that effect or, alternatively, request an extension of time to do so. If plaintiff requests an extension of time, she must demonstrate to the Court (through affidavits and otherwise) that she has made reasonable efforts to serve defendant abroad and that service of process on defendant is eminent and feasible. If plaintiff fails to do so, the Court without further notice will dismiss the case without prejudice.

Dated this 19th day of February, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge